# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL MCMANUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV621-012 |
| | ) | |
| EDWARD PHILBIN, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Michael McManus filed a petition pursuant to 28 U.S.C. § 2254 on January 28, 2021.[1]  *See* doc. 1 at 8. As discussed below, since it appears from the face of his Petition that is unexhausted, and appears untimely, it should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). McManus' petition declares, under penalty of perjury that he executed his petition on "1-28-21." Doc. 1 at 8.

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after

expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

McManus' Petition states that he was convicted, after pleading guilty, on April 13, 1992. *See* doc. 1 at 3. He states that he appealed, but also states that the appeal was filed in the Superior Court of Chattooga County.² *Id.* Whatever the nature of the proceeding in the Chattooga County Superior Court, the Petition does not include any date for either the commencement or conclusion of that proceeding. It does state that McManus pursued further relief, although the nature of the proceeding is not entirely clear, in the Superior Court of Bulloch County. *Id.* (stating that the "nature of [the] proceeding" was "void illegal sentence"). He alleges that that proceeding terminated sometime in 2015. *Id.* at 4. He also indicates that it was terminated because the relief sought was "[t]ime [b]arred." *Id.*

---

² The Court was unable to locate any published opinion by the Georgia Court of Appeals or Georgia Supreme Court involving the criminal conviction of "Michael McManus."

Although the history of McManus' litigation before the state courts is not entirely clear, the Petition clearly states that the most recent proceeding concluded no later than 2015.³ Construed in the light most favorable to McManus, the Bulloch County proceeding tolled the applicable statute of limitations until as late as December 31, 2015. Even assuming that the conclusion of that proceeding triggered the one-year clock, the instant motion was not filed until more than five years after it expired. *See* doc. 1 at 8. The Petition also suggests that McManus' challenge arises from the Georgia Supreme Court's decision in *Garza v. State*, concerning the asportation element of Georgia kidnapping. *See* doc. 1 at 9; *see generally Garza v. State*, 670 S.E.2d 73 (Ga. 2008), *superseded by statute as recognized by*, *Hyden v. State*, 839 S.E.2d 506 (Ga. 2020). However, even assuming *Garza* were relevant to the timeliness of McManus' Petition, it could not extend the triggering date

---

³ It is not clear that even the most recent proceeding identified by McManus provides the relevant triggering date for the statute of limitations. Section 2244(d)(2) provides that the applicable one-year period is tolled for "[t]he time during which a *properly filed* application for State post-conviction or other collateral relief . . . is pending." *Id.* An untimely motion, however, is "not 'properly filed' for purposes of AEDPA's tolling provision . . . ." *Gorby v. McNeil*, 530 F.3d 1363, 1368 (11th Cir. 2008). The 2015 disposition of that proceeding, however, provides the latest possible triggering date apparent from the face of the Petition.

for the one-year period later than 2015. [4] *See* 28 U.S.C. § 2244(d)(1) (one-year period commences from "the latest of" the enumerated events). Since it appears from the face of his Petition that the one-year statute of limitations to seek federal habeas relief ran out no later than 2016, McManus' Petition is untimely.

McManus' untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition."

---

[4] McManus does not explicitly argue that *Garza* is relevant to the timeliness of his petition. *See generally* doc. 1. He does contend that the decision was "retroactively applicable to cases in which the time to enumerate errors on [d]irect appeal had passed . . . ." Doc. 1 at 9. That language might, charitably, suggest a contention that *Garza* triggered the statute of limitations pursuant to § 2244(d)(1)(C). However, that section is triggered only by initial recognition of a "constitutional right . . . by the [United States] Supreme Court . . . ." 28 U.S.C. § 2244(d)(1)(C). A state supreme court's interpretation of a state statute does not trigger the statute of limitations. *See, e.g., Ryburn v. Ramos*, 2010 WL 2572063, at *5 (C.D. Ill. June 23, 2010) ("As § 2244(d)(1)(C) clearly states that the newly recognized right must have been recognized by the United States Supreme Court, not the states' supreme courts, it is not applicable where the new rule relied on is one announced by the Illinois Supreme Court."). Even supposing that the Georgia Supreme Court's opinion *could* have some effect on the statute of limitations, it would have been triggered in 2008, years before the 2015 date the Court has supposed above.

*Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014). Not only has McManus failed to identify any circumstance that he contends warrants equitable tolling, the Court is unable to discern any fact included in the Petition that *could* justify it. *See generally* doc. 1. McManus has not borne his burden to justify the application of equitable tolling.

In addition to the apparent untimeliness of McManus' Petition, he has also failed to exhaust any ground it asserts. Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). McManus' Petition states that the only appeals or other applications he has filed related to

6

the challenged judgment were in trial-level state courts. *See* doc. 1 at 3-4. It is a petitioner's burden to show exhaustion. *See Dixon v. Toole*, 2011 WL 6046503, at *1 n. 1 (S.D. Ga. Dec. 5, 2011). He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[5] McManus' failure to exhaust state remedies, therefore, provides an alternative ground to dismiss his petition.

Since McManus' § 2254 petition is unexhausted, and appears to be untimely, it should be **DISMISSED without prejudice**.[6] This Report and Recommendation (R&R) is submitted to the district judge assigned

---

[5] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[6] Given that the grounds asserted in McManus' Petition are unexhausted, dismissal without prejudice is appropriate. *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). A dismissal of the Petition as untimely would preclude any future petition as successive. *See Patterson v. Sec'y, Fla. Dept. of Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, [Petitioner] lost his one chance to obtain federal habeas review of his . . . judgment."); *Ingram v. Doe*, 2017 WL 3327066, at *1 (S.D. Ga. July 19, 2017) ("[T]he dismissal of an untimely petition is a decision on the merits, rendering further petitions successive."). Given McManus' vague presentation of the procedural history, the lack of any apparent recognition of the timeliness issue, and the relatively clearer allegations indicating that the asserted grounds are unexhausted, the Court recommends dismissal without prejudice.

to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.[7] The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

---

[7] To the extent that McManus objects to any of the Court's constructions of his Petition, he is free to submit an amended petition within the fourteen-day objections period. The Clerk of Court is **DIRECTED** to include a blank copy of Form AO 241 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254) with the service copy of this Report and Recommendation for McManus' convenience.

8

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 20th day of July, 2022.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

9